| | |
|---|---|
| ROCKY D. FROEMEL, <br><br> Plaintiff, <br><br> v. <br><br> CALIFORNIA STATE SUPERIOR COURTS, *et al.*, <br><br> Defendants. | Case No. 1:18-cv-01289-JDP <br><br> SCREENING ORDER <br><br> FINDINGS AND RECOMMENDATIONS TO DISMISS CASE FOR FAILURE TO STATE A CLAIM <br><br> OBJECTIONS DUE IN 14 DAYS <br><br> ORDER DIRECTING CLERK OF COURT TO ASSIGN CASE TO DISTRICT JUDGE <br><br> ECF No. 1 |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

Plaintiff is a state prisoner proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. Plaintiff's complaint, filed September 20, 2018, is before the court for screening under 28 U.S.C. § 1915A. Plaintiff claims that California's Proposition 57 entitles him to a sentencing adjustment, but his allegations are not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983. Accordingly, we recommend that the complaint be dismissed.

1

## I. COMPLAINT[1]

Plaintiff is incarcerated at California Correctional Institution ("CCI") in Tehachapi. ECF No. 1 at 1. Defendants are the California State Superior Courts, Department of Corrections, Parole Hearing Board, and California Attorney General. *Id.* at 2. Plaintiff wants the state government to "give Proposition 57 . . . effect" which would entitle plaintiff to "a sentencing adjustment." *Id.* at 3. "Plaintiff has, and continues to apply for remedy and benefit of the Proposition 57's language which each [d]efendant has failed and continues to fail to create a remedy to enforce the law that mandates the sentence reform . . . ." *Id.* at 4. Plaintiff seeks a "sentence adjustment" under state law and monetary damages. *Id.* at 6.

## II. SCREENING AND PLEADING REQUIREMENTS

A district court is required to screen a prisoner's complaint that seeks relief against a governmental entity, its officer, or its employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2). The court must construe an unrepresented litigant's complaint liberally. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The short and plain statement "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555 (internal quotation marks omitted)). The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016) (quoting *Skinner v. Switzer*, 562 U.S. 521, 530 (2011)). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

---

[1] We draw the following facts from plaintiff's complaint, ECF No. 1, and accept them as true for screening purposes.

If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679.

### III. DISCUSSION

Section 1983 allows a private citizen to sue for the deprivation of a right secured by federal law. *See* 42 U.S.C. § 1983; *Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 916 (2017). To state a claim under 42 U.S.C. § 1983, a plaintiff must (1) allege the deprivation of a right secured by the U.S. Constitution and laws of the United States, and (2) show that the alleged deprivation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark Cty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)).

In this case, plaintiff does not allege any basis for relief in federal court because he seeks to correct what he perceives to be an incorrect application of state law. Specifically, plaintiff seeks enforcement of Proposition 57 to reduce his sentence. This is a matter for state court. Plaintiff's allegations, liberally construed, do not put forth any theory for relief that could be granted through a § 1983 lawsuit.[2] Therefore, plaintiff's complaint should be dismissed without prejudice to him bringing this action in state court.

### IV. CONCLUSION

The court has screened plaintiff's complaint and finds that it fails to state a cognizable claim and that amendment would be futile.[3]

---

[2] Plaintiff's complaint similarly does not state a claim for federal habeas relief because he does not allege that his custody violates federal law. *See* 28 U.S.C. § 2254 (a).

[3] *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (holding that pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment).

3

**V. ORDER**

The clerk of court is directed to assign this case to a district judge who will review the findings and recommendations.

**VI. FINDINGS AND RECOMMENDATIONS**

The undersigned has screened plaintiff's complaint and finds that plaintiff has failed to state a claim. We recommend that the court dismiss the case without prejudice to him bringing this action in state court.

These findings and recommendations are submitted to the U.S. district judge presiding over the case under 28 U.S.C. § 636(b)(1)(B) and Local Rule 304. Within fourteen days of the service of the findings and recommendations, the parties may file written objections to the findings and recommendations with the court and serve a copy on all parties. That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations." The presiding district judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:   May 14, 2019

UNITED STATES MAGISTRATE JUDGE

No. 204